IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARLON McDOUGALL,          :
     Plaintiff          :
  v.                    : Case No. 3:23-cv-91-KAP
LIEUTENANT TYSON, *et al.*,  :
     Defendants         :

### Memorandum Order

Motions terminated by this Memorandum Order: ECF no. 16, ECF no. 20, ECF no. 22, ECF no. 23, ECF no. 25, ECF no. 26.

Plaintiff, not proceeding *in forma pauperis*, filed a complaint in the Middle District that was transferred here. I advised plaintiff of his duty to serve the three named defendants (Tyson, Freeland, Geo Group) as provided in Fed.R.Civ.P. 4(m), and granted plaintiff's motion to have the Marshal serve the defendants at plaintiff's expense. The Marshal obtained a waiver of service from defendant Geo Group, and Geo Group has filed a motion to dismiss, to which plaintiff has responded. As for the other two defendants, the Marshal has not filed a waiver, indicating either that they have not waived service or have not been served.

The Clerk shall issue summonses at the direction of the plaintiff. The Marshal shall make personal service of the summons and the complaint on defendants Tyson and Freeland at the direction of the plaintiff. Since the plaintiff is not proceeding *in forma pauperis*, costs of service will be advanced by the plaintiff. Plaintiff's motion at ECF no. 16 was moot when it was filed, but the Clerk can terminate it as mooted by this Memorandum Order.

Plaintiff's latest two motions for appointment of counsel, ECF no. 22 and ECF no. 25, are denied. Local Civil Rule 10.C still provides that "[a]bsent special circumstances, no motions for the appointment of counsel will be granted until after dispositive motions have been resolved." Plaintiff's confinement still does not present a special circumstance because the vast majority of *pro se* litigants are inmates. The local rule reflects the experience-based judgment of the District Court that counsel should be reserved for cases pending trial because of the limited number of attorneys who will consider representing inmates *pro bono*. This still does not prevent plaintiff from seeking counsel independently.

As for plaintiff's Motion for the Court to Preside over Unheard Motions, ECF no. 26, it is denied as moot or meaningless. This case presents the not-uncommon circumstance of a plaintiff who has given instructions for service on defendants that the

1

Marshal cannot execute. The most common reason for this is that because plaintiff has not properly identified the defendant. Instructing the Marshal to serve John Smith (a person who does not work at the institution) does not cause the Marshal to investigate to determine whether the plaintiff should have named Jonathan Smythe, a person who does work at the institution, and whom plaintiff in fact wishes to sue. The second most common reason is that a defendant no longer works at the institution. Instructing the Marshal to serve John Smith at a prison where he was employed does not cause the Marshal to trace John Smith, now retired, to his home residence in Florida. The Marshal Service does not act as a detective agency for any plaintiff: if a plaintiff does not have an effective address for a defendant, he is entitled to no special treatment because he is an inmate plaintiff.

Plaintiff is given until January 31, 2024, to complete the summonses and instructions for service and return them to the Clerk, who shall forward them to the Marshal for personal service in accordance with Fed.R.Civ.P. 4. If plaintiff cannot or chooses not to provide further instructions for service, plaintiff shall either delete them from the case or notify me that he wishes to sue them, and I will then recommend to Judge Haines that they be dismissed without prejudice under Rule 4.

There ordinarily would be no point to ruling piecemeal on the motion to dismiss filed by Geo Group, ECF no. 20, with plaintiff's response at ECF no. 24, until the other defendants have been served. (The plaintiff's motion at ECF no. 23 for additional time to file a response can be terminated as moot.) That is because under the Magistrate Judges Act, I only have jurisdiction over the matters of parties who have consented to my jurisdiction. The Clerk's Office does not ordinarily note whether a case is a district judge + referral case or a consent to MJ case until all parties have been served and returned consents. However, plaintiff advises me in his response that both plaintiff and defendant Geo have consented to my jurisdiction. Regardless of what happens with the other two defendants, I therefore have jurisdiction now over the dispute between plaintiff and Geo Group.

The motion to dismiss at ECF no. 20 is denied. A tort suit against the operators of a private prison like the Moshannon Valley Processing Center is a tort suit, not a civil rights suit, and it is the Court's responsibility to apply the correct body of law regardless of how the plaintiff or defendant frame the issues. *See* Minneci v. Pollard, 565 U.S. 118, 128 (2012)("[S]tate law imposes general tort duties of reasonable care (including medical care) on prison employees in every one of the eight States where privately managed secure federal facilities are currently located.")

Plaintiff presents a straightforward negligence claim: an employee of Geo Group (Freeland) took his wheelchair on his arrival at the Moshannon Valley Processing Center on April 2, 2023, and another employee (either Freeland or Tyson or someone else, which

is not clear from the Complaint) issued him another, "improper," wheelchair. This allegedly caused plaintiff to fall and either tear a meniscus or set back the healing of an already torn meniscus.

Geo Group can be liable on a *respondeat superior* basis for the negligence of its employees because *respondeat superior* liability is part of the applicable tort law of Pennsylvania, whether Tyson or Freeland are named defendants, not defendants, or not even specifically known to plaintiff. Plaintiff does not have to prove a custom or policy under *Monell* as he would if this were a civil rights suit. The plaintiff's account of the facts, thin as it is, is adequate to make it clear exactly what conduct by the defendant injured him (their employee or employees took his wheelchair), why it was wrongful (the replacement wheelchair was improper) and what injury plaintiff suffered (injury to a knee). Fed.R.Civ.P. 8 does not require anything more than a short plain statement of facts showing why, if those facts are proved, the defendant is liable to plaintiff. Although plaintiff has misidentified the body of law, that does not invalidate his complaint.

The two parties in this case at this point shall follow this pretrial schedule:

1. Motions, other than those mentioned in ¶2 and ¶3 below, shall be accompanied by a memorandum of law and responded to within twenty days.

2. Discovery shall be completed by April 30, 2024.  Discovery motions should succinctly state the matter in dispute and need not be accompanied by any memorandum of law; discovery motions shall be responded to within five days.  Absent order to the contrary, the filing of a motion to dismiss or motion to compel discovery shall not stay discovery.

3. Motions for summary judgment shall be filed on or before May 31, 2024. Motions shall be responded to by the opposing party on or before June 30, 2024.

4. The dates for filing of pretrial statements and trial shall be scheduled after any dispositive motions have been decided. If no summary judgment motions are filed, plaintiff's pretrial statement shall be filed on or before June 30, 2024, and defendants' pretrial statement shall be filed on or before July 15, 2024.

DATE: December 28, 2023

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

    Marlon McDougall, ID# 2304001
    Pike County Jail
    175 Pike County Boulevard
    Lords Valley, PA 18428