IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARLON McDOUGALL, | : |
|     Plaintiff | : |
|     v. | : Case No. 3:23-cv-91-KAP |
| LIEUTENANT TYSON, *et al.*, | : |
|     Defendants | : |

<u>Memorandum Order</u>

Motions terminated by this Memorandum Order: ECF no. 28. The Motion for Reconsideration at ECF no. 28 is granted in part as explained below.

Diversity jurisdiction exists where the matter in controversy exceeds $75,000 and is between citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State. *See* 28 U.S.C.§ 1332(a)(2).

My assumption in ECF no. 27 was and is that since plaintiff was at MVPC he is a removable alien. Since the technical requirements of alleging amount in controversy and citizenship are the sort of niceties that <u>Haines v. Kerner</u> properly directs courts to refrain from using as stumbling blocks for *pro se* litigants, I did not dwell on plaintiff's failure to plead either in the complaint at ECF no. 1. Nor did the defendant raise the issue. The motion to reconsider (which seeks a permissible second bite at the apple since subject matter jurisdiction is never waivable) makes it necessary to have those allegations made explicitly. If plaintiff is a citizen of Pennsylvania and persists in suing Tyson and Freeland, he will have to proceed in state court. If he sues only Geo Group (Geo Group does not allege its citizenship but its website indicates it is headquartered in Florida and in other similar suits has claimed to be a citizen of Florida, *see e.g.,* <u>Sharp v. Virginia</u>, 2010 WL 1640264, at *1 (E.D. Va. Apr. 22, 2010)) this matter remains in federal court unless plaintiff is a citizen of or is domiciled in Florida, or if plaintiff seeks less than $75,000.

Therefore: plaintiff shall forthwith amend his complaint by filing a supplement to the complaint alleging 1) his nationality; 2) if he is an alien, whether he is lawfully admitted for permanent residence in the United States; 3) if the answer to #2 was "yes," what state he is domiciled in (that is, where he permanently resided in before being in custody); 4) whether he is seeking more than $75,000 in this lawsuit; and 5) whether he plans to persist in his claims against defendants Tyson and Freeland.  To make things simple, the supplement should be titled "Supplement to Complaint," should be five

1

paragraphs long, and the body of it should read something like this:

    1. Plaintiff is a citizen of the <u>United States or a foreign country</u>. Choose one.

    2. Plaintiff is an alien but <u>is/is not</u> (choose one or state "not applicable because plaintiff is a citizen of the United States") a lawfully admitted permanent resident of the United States.

    3. Plaintiff is domiciled in <u>Pennsylvania/ Florida/another state.</u> Choose one.

    4. Plaintiff is seeking <u>more than/less than or equal to</u> (choose one) $75,000 in his complaint.

    5. Plaintiff is <u>providing documents for service on defendants Tyson and Freeland/ does not wish to proceed in federal court against defendants Tyson and Freeland</u>. Choose one.

If plaintiff does not respond promptly, since it is plaintiff's burden to allege facts establishing this court's jurisdiction, the complaint will be dismissed.

DATE: January 5, 2024

                                    Keith A. Pesto,
                                    United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

    Marlon McDougall, ID# 2304001
    Pike County Jail
    175 Pike County Boulevard
    Lords Valley, PA 18428