IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARLON McDOUGALL, | : |
|     Plaintiff | : |
|     v. | : Case No. 3:23-cv-91-KAP |
| LIEUTENANT TYSON, *et al.*, | : |
|     Defendants | : |

<u>Memorandum Order</u>

Motions terminated by this Memorandum Order: ECF no. 36, ECF no. 37, ECF no. 38.

Plaintiff's most recent motion for appointment of counsel, ECF no. 38, is denied. Local Civil Rule 10.C still provides that "[a]bsent special circumstances, no motions for the appointment of counsel will be granted until after dispositive motions have been resolved." Plaintiff's confinement (and his claim of indigency is noted, although plaintiff is not proceeding *in forma pauperis*) still does not present a special circumstance because the vast majority of *pro se* litigants are indigent inmates. Despite plaintiff's lack of legal training and his accounts of his limited education and health issues, he is able to present his factual position clearly in the declaration filed at ECF no. 39. The local rule reflects the experience-based judgment of the District Court that counsel should be reserved for cases pending trial because of the limited number of attorneys who will consider representing inmates *pro bono*. This does not prevent plaintiff from continuing to seek counsel independently.

The motions at ECF no. 36 and ECF no. 37 are denied. The motions are improper or unnecessary. There is already a jury demand in the original complaint. A court does not hold "discovery hearings" to "set out all the facts in the complaint." That is what a trial does. To the extent the "Motion for Discovery/Jury Trial" calls to everyone's attention that the remaining defendant has not filed an answer, defendant shall file its answer on or before March 18, 2024.

As for the "Notice/Request of a Subpoena of Video and Witness Names," a motion to the court is not necessary. Discovery requests are sent to and responded to by the parties without the need of motions unless there is a dispute that needs to be resolved. In that case a motion to compel might be appropriate. Rather than waste time, defendant should consider plaintiff's motion as a request for production and an interrogatory and respond directly to plaintiff.

The discovery schedule previously set in January 2024, *see* ECF no. 32, remains in effect. Courtroom space is tighter than ever, and I have to adjust my pretrial management of cases to reflect that reality. The parties should not count on routine extension of deadlines.

DATE:  February 28, 2024

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Marlon McDougall, A# 036708257
P.O. Box Drawer N
Farmville, VA 23901