IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARLON McDOUGALL, | : |
|     Plaintiff | : |
|     v. | : Case No. 3:23-cv-91-KAP |
| LIEUTENANT TYSON, *et al.*, | : |
|     Defendants | : |

Memorandum Order

    I granted summary judgment in this matter on September 24, 2024. *See* ECF no. 64, ECF no. 65. On October 15, 2024 the Clerk received correspondence addressed to the district judge who presided over this matter before it became a full-consent case, and what was styled "Abjection to Summary Judgement in Defendants Favor" and docketed by the Clerk as "Brief/Objections...". *See* ECF no. 66, ECF no. 67.

    The most appropriate way to treat plaintiff's filing is as a timely motion to alter or amend the judgment under Fed.R.Civ.P. 59. *See also* Fed.R.Civ.P. 60. Courts are free to characterize *pro se* motions according to their substance rather than their titles, as the Court of Appeals noted in the course of affirming this Court in Moton v. Wetzel, 833 Fed.Appx. 927, 930 (3d Cir. 2020), *citing* Walker v. Astrue, 593 F.3d 274, 279 (3d Cir. 2010) and Lewis v. Attorney General, 878 F.2d 714, 722 n.20 (3d Cir. 1989).

    A motion under Fed.R.Civ.P. 59 is properly used to alert the court to an intervening change in controlling law or new relevant evidence, or to prevent a clear error of law or manifest injustice. Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir.2013); Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669 (3d Cir. 1999). Motions under Rule 59 and Rule 60 are not properly used to repeat previous arguments, or to argue points overlooked and not raised in a timely manner, or as a substitute for an appeal. *See* Allegheny Valve & Coupling, Inc. v. H&H Metal Specialty, Inc., No. CV 07-322, 2009 WL 10687578, at *3-4 (W.D. Pa. Apr. 30, 2009)(explaining that courts have a strong interest in the finality of judgments). As the Court of Appeals has observed in construing the scope of Rule 60(b) motions, "It is just as important that there should be a place to end as that there should be a place to begin litigation." Kock v. Gov't of Virgin Islands, 811 F.2d 240, 243 (3d Cir. 1987)(*ultimately quoting* Stoll v. Gottlieb, 305 U.S. 165, 172 (1938)).

1

Plaintiff argues that he could have prevailed if he had been appointed counsel. My rulings on plaintiff's motions to appoint counsel can be reviewed by the Court of Appeals if plaintiff proceeds with a timely appeal. The denial of his objection, today, starts the 30-day time period within which a notice of appeal must be filed. *See* Fed.R.App.P. 4.

DATE:  October 17, 2024

                                      Keith A. Pesto,
                                      United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

    Marlon McDougall, A# 036708257
    Caroline Detention Facility
    P.O. Box 1460
    Bowling Green, VA 22427